**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 24-cv-4017 |
| | ) | |
| v. | ) | |
| | ) | Amount Claimed: $339,137.41, plus |
| DAVID FREIGHT INC., and | ) | prejudgment interest, attorneys' fees |
| VIKTOR POPOVIC, | ) | and costs |
| | ) | |
| Defendants. | ) | |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff CONTINENTAL BANK, by and through counsel, and for its Verified Complaint against Defendants DAVID FREIGHT INC. ("DFI") and VIKTOR POPOVIC ("POPOVIC") (collectively, the "Defendants"), states as follows:

**PARTIES**

1. Continental Bank is a bank chartered under the laws of the State of Utah and maintains its principal place of business at 15 West South Temple, Suite 300, Salt Lake City, Utah 84101.

2. Defendant DFI is an Illinois corporation with its principal place of business located at 350 S. Northwest Hwy, Ste 300, Park Ridge, IL 60068.

3. Defendant Popovic is a citizen of the State of Illinois who resides at 750 Northwest Hwy, Apt 518, Des Plaines, IL 60016.

1

**JURISDICTION AND VENUE**

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to Continental Bank's claims occurred in this judicial district, and because the Defendants reside and/or conduct business in this judicial district.

**BACKGROUND**

**Agreement No. xxx405**

6. On March 17, 2022, Continental Bank, as a secured party, and DFI, as customer, entered into Equipment Finance Agreement No. xxx405 (the "First Agreement"), under which Continental Bank agreed to finance the purchase of the following equipment for DFI: one (1) 2023 Freightliner Cascadia, VIN 3AKJHHDR6PSNL9667 (the "First Agreement Equipment"). A true and correct copy of the First Agreement is attached hereto as Exhibit 1.

7. Pursuant to the First Agreement, DFI agreed to make forty-eight (48) consecutive monthly payments of $5,178.18 each, plus taxes. *See* Exhibit 1.

8. To induce Continental Bank to enter into the First Agreement, Popovic guaranteed the obligations of DFI under the First Agreement pursuant to a Guaranty (the "First Popovic Guaranty"). A true and correct copy of the First Popovic Guaranty is located on the face of Exhibit 1.

9. DFI granted Continental Bank a security interest in the First Agreement Equipment. See Exhibit 1, ¶ 4. Continental Bank's lien on the First Agreement Equipment is

2

reflected on the Certificate of Title for the First Agreement Equipment. A true and correct copy of the Certificate of Title for the First Agreement Equipment is attached hereto as Exhibit 2.

10. DFI failed to make timely payments under the First Agreement.

11. Popovic failed to make timely payments under the First Popovic Guaranty.

12. Failure to make timely payments is an Event of Default under the First Agreement and the First Popovic Guaranty. See Exhibit 1, ¶ 14.

13. Upon the occurrence of an Event of Default, Continental Bank is entitled to seek the amount of all accrued unpaid payments and other amounts payable under the First Agreement, plus the amount of all unpaid payments for the remaining term of the First Agreement, discounted to present value at a rate of 4% per annum, late fees, return of the First Agreement Equipment, attorneys' fees and costs, and all other relief provided under the First Agreement. See Exhibit 1, ¶ 15.

14. Continental Bank is further entitled to seek prejudgment interest at the rate of twenty-one percent (21%) per annum. See Exhibit 1, ¶ 15.

**Agreement No. xxx472**

15. On June 21, 2022, Continental Bank, as a secured party, and DFI, as customer, entered into Equipment Finance Agreement No. xxx472 (the "Second Agreement"), under which Continental Bank agreed to finance the purchase of the following equipment for DFI: one (1) 2023 Mack Model Anthem, VIN 1M1AN4GY5PM033071 (the "Second Agreement Equipment"). A true and correct copy of the Second Agreement is attached hereto as Exhibit 3.

16. Pursuant to the Second Agreement, DFI agreed to make sixty (60) consecutive monthly payments of $3,749.32 each, plus taxes. See Exhibit 3.

17. To induce Continental Bank to enter into the Second Agreement, Popovic guaranteed the obligations of DFI under the Second Agreement pursuant to a Guaranty (the "Second Popovic Guaranty"). A true and correct copy of the Second Popovic Guaranty is located on the face of Exhibit 3.

18. DFI granted Continental Bank a security interest in the Second Agreement Equipment. See Exhibit 1, ¶ 4. Continental Bank's lien on the Second Agreement Equipment is reflected on the face of the Certificate of Title for the Second Agreement Equipment. A true and correct copy of the Certificate of Title for the Second Agreement Equipment is attached hereto as Exhibit 4.

19. DFI failed to make timely payments under the Second Agreement.

20. Popovic failed to make timely payments under the Second Popovic Guaranty.

21. Failure to make timely payments is an Event of Default under the Second Agreement and the Second Popovic Guaranty. See Exhibit 3, ¶ 14.

22. Upon the occurrence of an Event of Default, Continental Bank is entitled to seek the amount of all accrued unpaid payments and other amounts payable under the Second Agreement, plus the amount of all unpaid payments for the remaining term of the Second Agreement, discounted to present value at a rate of 4% per annum, late fees, return of the Second Agreement Equipment, attorneys' fees and costs, and all other relief provided under the Second Agreement. See Exhibit 3, ¶ 15.

23. Continental Bank is further entitled to seek prejudgment interest at the rate of twenty-one percent (21%) per annum. See Exhibit 3, ¶ 15.

24. The remaining balance due to Continental Bank under the First Agreement is $164,215.39. The remaining balance due to Continental Bank under the Second Agreement is

$174,922.02. The total remaining balance due to Continental Bank under the First Agreement and the Second Agreement (collectively the "Agreements") and the First Popovic Guaranty and Second Popovic Guaranty (collectively the "Guaranties") is $339,137.41.

25. Continental Bank demanded payment from the Defendants pursuant to the Agreements and the Guaranties, but the Defendants have failed or refused to make payment. A true and correct copy of Continental Bank's April 11, 2024 Demand Letter to the Defendants is attached hereto as Exhibit 5.

26. The First Agreement Equipment, one (1) 2023 Freightliner Cascadia, VIN 3AKJHHDR6PSNL9667, is in the possession of Continental Bank. Continental Bank has not sold the First Agreement Equipment as of the filing of this Verified Complaint.

27. The net proceeds from the sale of the First Agreement Equipment will be credited towards the amount owed by the Defendants under the Agreements and Guaranties.

28. Continental Bank has fulfilled its obligations under the Agreements and Guaranties.

## COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT DAVID FREIGHT INC.

29. Continental Bank re-alleges and re-asserts Paragraphs 1 through 28 of its Verified Complaint as though fully set forth herein.

30. DFI defaulted under the Agreements by failing to make payments when due.

31. Because of DFI's default under the Agreements, it is indebted to Continental Bank in the amount of $339,137.41, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that the Court enter judgment in its favor and against Defendant DAVID FREIGHT INC. in the amount of $339,137.41, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs, as well as all other such relief which this Court deems just.

### COUNT II – BREACH OF GUARANTY
### AGAINST DEFENDANT VIKTOR POPOVIC

32. Continental Bank re-alleges and re-asserts Paragraphs 1 through 31 of its Verified Complaint as though fully set forth herein.

33. Popovic defaulted under the Guaranties by failing or refusing to make payments when due.

34. Because of Popovic's default under the Guaranties, Popovic is indebted to Continental Bank in the amount of $339,137.41, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that the Court enter judgment in its favor and against Defendant VIKTOR POPOVIC in the amount of $339,137.41, plus prejudgment interest at the rate of twenty-one percent (21%) per annum and attorney's fees and costs, as well as all other such relief which this Court deems just.

### COUNT III – REPLEVIN
### AGAINST DEFENDANT DAVID FREIGHT INC.

35. Continental Bank re-alleges and re-asserts Paragraphs 1 through 34 of its Verified Complaint as though fully set forth herein.

36. This claim is brought pursuant to 735 ILCS § 5/19-101, *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

37. Continental Bank perfected its security interest in the First Agreement Equipment and Second Agreement Equipment (collectively the "Equipment"), which is reflected on the Equipment's Certificates of Title. *See* Exhibit 2; Exhibit 4.

38. Due to DFI's default under the Agreements, Continental Bank is entitled to the possession of the Second Agreement Equipment, specifically: one (1) 2023 Mack Model Anthem, VIN 1M1AN4GY5PM033071.

39. Continental Bank has been unable to secure the Second Agreement Equipment by peaceful means.

40. DFI is wrongfully and unlawfully detaining the Second Agreement Equipment.

41. Continental Bank has demanded the return of the Second Agreement Equipment from DFI, but DFI failed or refused to return the same. *See* Exhibit 5.

42. Continental Bank will suffer irreparable damages if the Second Agreement Equipment is not returned to Continental Bank, because the Defendants have not been able to pay the amounts they owe, such that Continental Bank's only recovery may be from a sale of the Second Equipment.

43. The Second Agreement Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of Continental Bank, nor seized under any lawful process against the goods and chattels of Continental Bank subject to such lawful process, nor held by virtue of any order for replevin against Continental Bank.

44. Upon information and belief, the Second Agreement Equipment is located at 350 S. Northwest Hwy Ste. 300, Park Ridge, Illinois 60068.

45. Continental Bank estimates that the fair market value of the Second Agreement Equipment is $110,573.00, depending on condition.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that this Court enter an Order directing the United States Marshals Service, or any other designated officer, to use all necessary force, including the force necessary to break locks, to repossess the Second Agreement Equipment or any portion thereof, from DAVID FREIGHT INC., located at 350 S. Northwest Hwy Ste. 300, Park Ridge, Illinois 60068, or wherever it may be found, and enter a judgment against DAVID FREIGHT INC. for the value of the Second Agreement Equipment not so returned, plus attorney's fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV - DETINUE
## AGAINST DEFENDANT DAVID FREIGHT INC.

46. Continental Bank re-alleges and re-asserts Paragraphs 1 through 45 of its Verified Complaint as though fully set forth herein.

47. Due to DFI's default under the Agreements, Continental Bank is entitled to the return of and the exclusive possession of the Second Agreement Equipment, specifically: one (1) 2023 Mack Model Anthem, VIN 1M1AN4GY5PM033071. The Second Agreement Equipment is in DFI's possession.

48. DFI is wrongfully and unlawfully detaining the Second Agreement Equipment from Continental Bank, because DFI has defaulted under the terms of the Agreements by failing to make timely payments when due. Under the terms of the Agreements, DFI is required to surrender the Second Agreement Equipment to Continental Bank.

49. Continental Bank's right to possession of the Second Agreement Equipment is superior to the rights of DFI.

50. Continental Bank is entitled to an order directing DFI to turn over the Second Agreement Equipment within ten (10) calendar days, or such other reasonable time period as the Court may determine.

WHEREFORE, Plaintiff CONTINENTAL BANK respectfully requests that this Court enter an order compelling DAVID FREIGHT INC. to return the Second Agreement Equipment to CONTINENTAL BANK by delivering same to its agent (to be designated by Continental Bank) within ten (10) days of this Court's entry of judgment and/or a turnover order.

CONTINENTAL BANK,

By: /s/ Debra Devassy

Debra Devassy Babu (ARDC #06282743)
Nia Barberousse Binns (ARDC #6340791)
Darcy & Devassy PC
444 N. Michigan Avenue, Suite 3270
Chicago, IL 60611
(312)784-2400 (t)
(312)784-2410 (f)
ddevassy@darcydevassy.com
nbinns@darcydevassy.com

## **VERIFICATION**

      Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that he verily believes the same to be true.

_____                       _15 May, 2024_
Matthew McBride                                                                Date
Asset Manager
Continental Bank